IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

MICHAEL ALLEN KENNEY,

        Plaintiff,

v.                                                                                  Case No. 2:20-cv-00800

ADMINISTRATOR BINION, *et al.*,

        Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Defendant Binion's Motion for Summary Judgment (ECF No. 35).[1]

### I.   RELEVANT PROCEDURAL HISTORY

On December 11, 2020, Plaintiff filed his initial complaint (ECF No. 2) against Administrator Binion ("Binion") and an unidentified "Booking Officer" ("Officer John Doe").[2] The initial complaint claims that, in January of 2019, Plaintiff was being housed in the booking area of the South Central Regional Jail ("SCRJ") and was told to "give himself an enema with a 20 oz. pop [bottle]" with "many officers and nurses watching."

---

[1] By separate order, the undersigned will deny Plaintiff's Motion for Amendment of Amended Complaint (ECF No. 33) in which he seeks to substitute "Officer Fowler" as the identity of the John Doe "Booking Officer."

[2] Plaintiff also named the West Virginia Division of Corrections and the SCRJ as defendants, but they have been dismissed by the presiding District Judge. (ECF No. 37).

(*Id.* at 4-5).  Plaintiff further claims that he was thereafter refused a shower for six days despite nurses' complaints that he had "bumps of [feces]" on him.  (*Id.* at 5).  He further asserts that, during this incident, he was having either a bipolar or schizophrenic episode or a bad reaction to medication, which was not addressed, and that he was further "[tortured] by officers acting like they were going to kill [him]."  (*Id.*)  The initial complaint did not identify any other specific individuals involved and did not specify the constitutional or other legal bases for Plaintiff's claims.  Because Binion was the only specifically identified defendant, he is the only person served with process and, thereafter, he filed an answer to the complaint.  (ECF No. 10 at 2; ECF No. 13; ECF No. 14).

On June 28, 2021, the undersigned entered an order and notice containing a schedule of deadlines for this matter.  (ECF No. 15).  First, the court set a discovery deadline of February 1, 2022.  (*Id.* at 1).  The court's scheduling order further set a March 1, 2022 deadline for dispositive motions, with responses due by March 22, 2022, and replies due by April 5, 2022.  (*Id.* at 2).  Pursuant to the holding in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was further advised of his rights and obligations for filing a response to any dispositive motion filed by Defendant.  (*Id.*)

On June 29, 2021, Binion filed a motion to dismiss (ECF No. 16), asserting that the initial complaint fails to state a proper claim against Binion in either his individual or official capacity and that Plaintiff failed to exhaust available administrative remedies before filing his complaint.  (ECF No. 17).  Plaintiff did not respond to the pending motion to dismiss, but subsequently filed a proposed amended complaint naming "Molly Norvell, LPN" ("Norvell") and "PrimeCare Inc." (Norvell's employer) as additional defendants.  (ECF No. 29).

2

The proposed amended complaint further <u>clarifies that the subject incident occurred sometime between August 15-21, 2018</u>. Plaintiff again claims that "Officer John Doe" directed him to give himself an enema with a 20 oz. pop bottle containing water and oil and that he was told that he would die if he did not comply with those orders. (*Id.* at 6-7). Plaintiff further claims that he had trouble understanding the orders because he was having some kind of "mental breakdown" at that time. (*Id.* at 7). Nonetheless, he allegedly complied with "Officer John Doe's" orders and attempted to give himself an enema with Norvell also present or nearby. (*Id.*). Plaintiff further claims that he suffered bleeding and pain, which was ignored by Defendants, and that he was thereafter denied a shower "for days" despite laying in feces and having "a bad rash and bumps all over his body." (*Id.*)

Plaintiff also alleges that he believed that "Officer John Doe" was threatening to kill him. (*Id.* at 7-8). He further generally claims that Binion was aware of ongoing uses of excessive force at the facility and that his "failure to comply with constitutional requirements and standards amounts to a policy or custom." (*Id.* at 8-9). He also generally claims that Defendants conspired to cover up their conduct by presenting false incident reports. (*Id.* at 16). The proposed amended complaint further asserts that Defendants' conduct amounted to excessive force/cruel and unusual punishment and deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, as well as assault and battery, fraud, conspiracy, and outrageous and malicious conduct under state law. (*Id.* at 9-18). On October 4, 2021, Plaintiff moved for leave to again amend his complaint to specifically identify "Officer John Doe" as "Officer Fowler." (ECF No. 33).

3

On October 29, 2021, following Plaintiff's deposition, Defendant Binion filed the instant motion for summary judgment and memorandum in support thereof asserting that the undisputed evidence of record demonstrates that the incident in question occurred on August 17, 2018, and, thus, all of Plaintiff's claims in his complaint, filed on December 11, 2020, are barred by the applicable statutes of limitations. (ECF No. 35; ECF No. 36 at 2-3, 5-8). The motion for summary judgment further reasserts Binion's claim that Plaintiff failed to properly exhaust the available administrative remedies prior to filing his complaint. (*Id.* at 8-10).

On January 6, 2022, the undersigned granted Binion's motion to withdraw his prior motion to dismiss and ordered Plaintiff to respond to the motion for summary judgment by February 7, 2022. (ECF Nos. 38, 39). Pursuant to the holding in *Roseboro*, *supra*, Plaintiff was again notified of the requirements for properly responding to a motion for summary judgment and the types of evidence necessary to overcome the same. (ECF No. 39 at 4-5). Plaintiff was also again advised that a failure to respond to the motion may result in entry of summary judgment denying the relief sought in the complaint and dismissing this suit. (*Id.* at 5). Nonetheless, Plaintiff wholly failed to respond to the motion for summary judgment as ordered by the court. Accordingly, Binion's undisputed motion is now ripe for adjudication.

## II. UNDISPUTED FACTS

The evidence of record demonstrates that Plaintiff was housed in Holding Cell 3 at the SCRJ from August 16, 2018, until August 21, 2018. (ECF No. 35, Ex. 3). On August 17, 2018, Plaintiff attempted to remove a baggie of drugs from his anus after he alerted Correctional Officer Fowler of his concern that the baggie may have burst, and he was

4

concerned it would cause him to overdose. (*Id.*, Ex. 1). Plaintiff's medical records demonstrate that, during this time, Makayla Heaver, LPN, from PrimeCare Medical, Inc., the contracted medical provider at the SCRJ, was also present. (*Id.*, Ex. 4).[3]

During Plaintiff's deposition, which was taken on September 3, 2021, he confirmed that his claim concerned the period between August 16-21, 2018. (*Id.*, Ex. 5 at 35-36, 41-42). Plaintiff has also served written discovery requests establishing the relevant time period for discovery as between August 15, 2018, and August 21, 2018. (ECF 23; ECF No. 35, Ex. 6). Finally, Plaintiff's proposed amended complaint, which was filed without leave of the court, clarifies in paragraphs 6 and 13 that the conduct at issue occurred between August 14, 2018, and August 21, 2021. (ECF No. 29 at 3, ¶ 6 and 6, ¶ 13). This undisputed evidence and documentation demonstrate that the alleged misconduct occurred on or about August 17, 2018, not sometime in January 2019, as stated in the initial complaint. Thus, Binion asserts that any and all claims in Plaintiff's complaint and proposed amended complaint are clearly untimely under the applicable two-year statute of limitations.

### III. STANDARD OF REVIEW

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

---

[3] As noted above, Plaintiff's proposed amended complaint names the nurse who was present as "Molly Norvell, LPN." However, there is no record of Norvell treating Plaintiff on August 17, 2018.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim. *Celotex,* 477 U.S. at 322-23. The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

Once the moving party demonstrates such a lack of evidence, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements." *Brown v. Showboat Atlantic City Propoco, LLC*, No. 08-5145, 2010 WL 5237855, *2 (D.N.J. Dec. 16, 2010) (citing *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). Rather, "the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Id.* (citing *Anderson*, 477 U.S. at 256-57). Accordingly, summary judgment will generally be granted unless a reasonable jury could render a verdict for the non-moving party on the evidence presented. *Anderson,* 477 U.S. at 247-48.

A court must not resolve disputed facts or weigh the evidence and may not make determinations of credibility. *Russell v. Microdyne Corp., 65 F .3d* 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and to have

all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.,* 84 F. Supp.2d 751 (N.D.W. Va. 2000).

## IV. DISCUSSION

42 U.S.C. § 1983 contains no express statute of limitations. Thus, in determining the appropriate statute of limitations for a § 1983 claim, the United States Supreme Court has instructed federal courts to borrow that of the forum state's most analogous state law claim. *Wilson v. Garcia,* 471 U.S. 261, 276 (1985); *DePaola v. Clarke,* 884 F.3d 481, 486 (4th Cir. 2018) (explaining that the statute of limitations for a § 1983 claim is equivalent to "the statute of limitations for personal injuries of the state in which the alleged violations occurred"). The Supreme Court noted that "§ 1983 claims are best characterized as personal injury actions," [thus, federal courts should apply] a State's personal injury statute of limitations . . . to all § 1983 claims." *Owens v. Okure*, 488 U.S. 235, 240-41 (1989) (quoting *Wilson*, 471 U.S. at 280); *see also Goodall v. City of Richmond*, No. 3:21-cv-333, 2022 WL 363593, at *3 (E.D. Va. Feb. 7, 2022).

Under West Virginia law, the applicable period of limitation to file a personal injury claim is <u>two years from the time the cause of action accrued</u>. *See* W. Va. Code § 55-2-12(b) (providing that "[e]very personal action for which no limitation is otherwise prescribed shall be brought . . . within two years next after the right to bring the same

shall have accrued if it be for damages for personal injuries[.]"). Nonetheless, the question of when a cause of action accrues under § 1983 remains one of federal law, which provides that "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *Cosby v. Town of Farmville*, No. 3:20cv494, 2021 WL 3575841, at *5 (E.D. Va. Aug. 12, 2021) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). In other words, the cause of action accrues "when the plaintiff knows or has reason to know of his injury." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 389 (4th Cir. 2014) (quoting *Wallace v. Kato*, 549 U.S. 384, 388, (2007)). Plaintiff's additional state law claims are also subject to a two-year statute of limitations under W. Va. Code § 55-2-12.

Here, the undisputed evidence shows that the conduct at issue occurred on August 17, 2018, and that Plaintiff knew or had reason to know of his alleged injury at that time. Thus, Plaintiff's proposed § 1983 claims and state law claims accrued, and the statute of limitations began to run, on August 17, 2018. Applying a two-year statute of limitations, the deadline for filing this lawsuit was August 17, 2020, but it was not filed until December 11, 2020, nearly four months after the statute of limitations had expired on all claims asserted. Accordingly, as asserted by Binion, Plaintiff can prove no set of facts to defeat the clear legal finding that his claims are time-barred. Inasmuch as the undisputed facts demonstrate the untimeliness of the complaint, this matter is appropriate for dismissal, with prejudice, under Rule 56.[4]

---

4 Considering the recommended dismissal on statute of limitations grounds, the undersigned finds it unnecessary to address Binion's additional argument for dismissal for failure to exhaust administrative remedies.

## V. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Binion's motion for summary judgment (ECF No. 35) and dismiss this matter, with prejudice, from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver and the opposing party.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

March 24, 2022

Dwane L. Tinsley
United States Magistrate Judge